Heffernan, J.
(dissenting). I would reverse in the interests of justice pursuant to the discretionary power granted to this court by sec. 251.09, Stats. Two factors combine to lead me to this conclusion. In the first place, the damages for personal injuries that were awarded to this child were acknowledged by the trial judge to be small. I believe them to be so low as to be indicative of possible prejudice or perversity. While under the ordinary circumstance, this would be a matter that I would leave strictly to the jury, in this case these low damages are coupled with an inadequate instruction in regard to comparative negligence.
My brethren agree that the court’s instruction that the jurors “may” bear in mind the difference in the standards required of a child as contrasted to an adult was erroneous. The instruction ought to have positively stated that the jury should bear in mind those differences. Nonetheless, the majority concludes that these instructions, though erroneous, were not prejudicial.
*572 I would agree if there had not been evidence of prejudice in the award of damages. Bearing in mind the combination of these circumstances: The extremely low verdict and an erroneous instruction, it is my opinion that justice has not been done, that issues were hot properly considered by the jurors, and I would, therefore, reverse in the interests of justice, with the direction that a new trial be ordered.
I am authorized to state that Mr. Justice Beilfuss joins in this dissent.